Nott, J.,
delivered the opiaion of the court:
The only question presented by this case is, whether a married woman living in Mississippi was the legal owner of a share in the undivided products of a plantation of which she owned the undivided half part as her separate property, the husband being the owner of the remaining half part, and the two owning jointly the slaves and personal property, and contributing .equally to carry on the business of the plantation.
The claimant has sought to establish the law of Mississippi by calling witnesses to prove it as a foreign law. That practice is expensive and inconvenient on the one hand, and on the other wholly unnecessary and inetfectual. This court is one of general territorial jurisdiction — “ a court of the United States for the United States, and for no particular State or district. Its jurisdiction is as great and as limited elsewhere as here, and here as elsewhere.” — Jones & Brown’s Case, (1 C. Cls. R., p. 398.) It has never in any instance found the law of a State as a matter of fact, and has, in repeated instances, administered the laws of different States by taking judicial cognizance of them. If any doubt on the subject can exist, it must be set at rest by the action of the Supreme Court in the recent case of Mrs. Mahan, (ante., p. 137.)
The law of Mississippi provides that “ every species and description of property, whether consisting of real or personal estate, and all money, rights, and credits which may he owned hy or belong to any single woman, shall contirme to he the separate property of such woman as fully after her marriage as it was before.” (Revised Code Miss., 1857, p. 335, art. 23.) And it is further provided that such property “ shall he owned, used, and enjoyed hy such married woman as her own separate property;” and it is again provided, by an additional enactment, that the “ products ” “ of either real or personal estate,” " owned hy any married woman at the time of her marriage” “ shall also inure to the wife as her separate property.” (Id., p. 336, art. 24.) And there is also an express provision that “ any married woman may hire out her slaves, rent her lands, or malee any contract for the use thereof.” (Id., p. 336, art. 25.) We do not perceive, in view of these comprehensive and most carefully expressed provisions, how doubt can be seriously entertained as to the wife’s acquiring title to one-half of the “ products ” of the plantation. Most certainly the legisla *333 ture never intended that a husband could impair the wife’s enjoyment of her separate property by his purchasing of a third person an undivided -interest in it.
Some further and more difficult questions might arise as to the husband’s control over property which was the product of their joint capital and labor, or of his implied authority to dispose of his interest in the product to third persons, and of their rights and equities when they occupy the position of purchasers from him in good faith and for a valuable consideration, but those questions are not presented here. The evidence stops with the wife’s legal interest in the captured property, and does not establish any act of the husband which might divest her of her legal title. A paper is indeed in the record purporting to be the official return of a Confederate agent which reports the deceased husband of the claimant as having sold to him eighty-eight bales of cotton. But it was settled in Schaben’s Case (6 C. Cls. R., p. 230) that such papers are not of themselves legal evidence, and standing alone establish nothing. If it were established that the husband did sell to the Confederate States these eighty-eight bales, the question would then arise as to his authority to thus dispose of the claimant’s undivided interest.
The judgment of the court is that the claimant recover of the defendants the net proceeds in the Treasury of forty-four bales of cotton captured in Mississippi, being $76.19 per bale, amounting in the aggregate to $3,352.36.
Subsequently, upon motion for a new trial, the following decision was rendered:
Nott, J.,
delivered the opinion of the court:
It was not understood by the court at the trial of this case that the claimant’s counsel conceded the fact of a sale by the husband to the Confederate States, and stood upon the unauthorized character of the sale so far as it related to the separate property of his wife. This error of fact would ordinarily entitle the defendants to a new trial. But we understand that there is no other fact in the case to be presented, and we are satisfied, after an examination of the law of Mississippi, that the result would not be affected if the motion were granted. *334 The legislature of Mississippi have done everything possible to guard the separate property of the wife. In addition to the provisions of law before cited, the code of Mississippi provides that the property of the wife cannot be “ sold ” or “ transferred ” by the husband unless the wife join in the conveyance and acknowledge the same separate and apart from her husband. (Code, p. 335.)
No such conveyance was made in this ease; and this court cannot sanction an evasion of the law by allowing the husband to mingle the wife’s property with his own and then dispose of it as property belonging exclusively to himself.
The motion for a new trial .upon this ground is denied.